Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5238 | **DATE** | April 5, 2004 |
| **CASE TITLE** | *Old Republic v. Ness Motley, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The defendants' Motion to Transfer Venue [R. 32-1] and Richardson's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) [R. 33-1] are denied. Old Republic's Motion for Leave to File Instanter its Sur-Reply [R. 57-1] is granted. Enter Memorandum and Order.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 4-6-04 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices | | 6∿ docketing deputy initials | 66 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03 C 5238 |
| NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, P.A.; RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC; H. BLAIR HAHN; MICHAEL J. BRICKMAN; TERRY E. RICHARDSON, JR.; INTERCLAIM HOLDINGS, LTD; INTERCLAIM RECOVERY, LTD; and TWIN CITY FIRE INSURANCE COMPANY, | ) Judge Blanche M. Manning |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Old Republic Insurance Company ("Old Republic") brings this declaratory judgment action based on diversity jurisdiction. Before the court is defendants Richardson, Patrick, Westbrook & Brickman, LLC ("Richardson Patrick"), H. Blair Hahn, and Michael J. Brickman's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). In addition, defendant Terry E. Richardson, Jr. moves to dismiss the First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons that follow, both motions are denied.

I.  BACKGROUND AND PARTIES

The relief Old Republic seeks in this declaratory judgment action stems from a judgment entered against the now defunct law firm of Ness, Motley, Richardson & Poole, P.A. ("Ness

66

Motley"). *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2001 WL 1313799 (N.D.Ill. Oct. 29, 2001) (hereinafter "Underlying Action"). Defendants Interclaim Holdings, Ltd. and Interclaim Recovery, Ltd. (collectively "Interclaim") filed the Underlying Action against Ness Motley alleging that Ness Motley engaged in wrongdoing in connection with its representation in the prosecution of certain class action claims that took place in the Circuit Court of Madison County, Illinois. The jury in the Underlying Action found Ness Motley breached its fiduciary duty and the parties' retainer agreement and awarded Interclaim $8.3 million in compensatory damages and $27.7 million in punitive damages.[1] The individual defendants in the present action are now members of and are practicing law with defendant Richardson Patrick, a South Carolina limited liability company. At issue are the excess professional liability policies Old Republic issued to Ness Motley and its individual attorneys. In this action, Old Republic seeks a determination that it has no duty to defend, indemnify, or reimburse defense costs or make indemnity payments to the defendants because the defendants failed to disclose the Underlying Action as required when applying for their excess professional liability insurance coverage.

## II. MOTION TO TRANSFER VENUE

The defendants seek to transfer this action to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[1] Recently, Ness Motley filed a motion for a new trial, judgment as a matter of law, and remittur, which the district court denied. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 298 F.Supp.2d 746 (N.D.Ill. 2004).

2

Under § 1404(a), the party seeking transfer must demonstrate that: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer will promote the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 959-60 (N.D.Ill. 2000). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *See Coffey*, 796 F.2d at 219. The movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor court. *Id.* at 219-20.

Here, it is undisputed that venue is proper in both the Northern District of Illinois and the District of South Carolina, therefore, the court turns to whether transfer will serve the convenience of parties and witnesses and promote the interests of justice.

### A. Convenience of Parties and Witnesses

When evaluating the convenience of the witnesses and parties, also known as the "private interests" factors, the court analyzes four separate considerations: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties and witnesses of litigating in the respective forums. *See IP Innovation, LLC v. Lexmark Int'l, Inc.*, 289 F.Supp.2d 952, 954 (N.D.Ill. 2003). First, the court gives substantial weight to Old Republic's choice of forum, especially because it is the plaintiff's home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D.Ill. 1998). Second, the defendants concede that given the realities of modern technology and in the absence of any unusual

3

circumstances, it is unlikely that the ease of access to sources of proof will be significantly different in Illinois or South Carolina. The court thus considers the remaining "private interests" factors – the site of the material events and the convenience of the witnesses and parties.

As for the site of the material events, the court notes that the trial and entry of judgment against Ness Motley in the Underlying Action occurred in the Northern District of Illinois. In fact, Ness Motley filed the underlying class action suit that formed the basis for the professional liability claims in Madison County, Illinois. In addition, the initial excess professional liability insurance application was submitted to Old Republic's Chicago offices and was underwritten by the Chicago office. Ness Motley applied for the second Old Republic insurance policy to Old Republic's Chicago office, again where the policy was underwritten. Also, the defendants reported the Underlying Action to the Old Republic Chicago office. Both the Richardson Patrick individual defendants and Ness Motley demanded their indemnity coverage under the Old Republic insurance policies by letter directed to Old Republic at its Chicago office. Finally, the defendants filed a Counterclaim against Old Republic in which Counts II and III assert claims against Old Republic for improper insurance claims handling practices. The handling of these claims was done in Old Republic's Chicago offices.

On the other hand and without any substantiation, the defendants argue that the insurance policies were issued in South Carolina and that some of the acts of the alleged professional liability occurred there. These cursory assertions alone do not amount to a "significant portion of the events" occurring in South Carolina as the defendants claim. Therefore, the defendants have failed to establish that this factor weighs in favor of transfer. *See Coffey*, 796 F.2d at 219-20.

With respect to the convenience of the parties, the court recognizes that it is easier for

4

each party to litigate on its home turf, and thus, this factor does not weigh in either party's favor. The proper consideration of the witnesses' convenience requires the parties to identify with some specificity the witnesses it intends to call as well as the general content of their proposed testimony. *See Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F.Supp.2d 941, 946 (N.D. Ill. 2002) (convenience of witnesses not relevant if parties fail to produce witness lists); *see also Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999) (court cannot consider convenience of unidentified witnesses). Here, the defendants have not produced a witness list and admit that it is difficult to determine the identity of many of its witnesses at this procedural posture. Old Republic, on the other hand, has identified two non-party witnesses and the nature of their testimony via affidavit. Both named plaintiff witnesses reside in Illinois. In view of Old Republic's witnesses residing in Illinois and without more concrete information from the defendants, the defendants have not established that this factor weighs in favor of transfer, that is, that transferring this action to the District of South Carolina is "clearly more convenient." *See Coffey*, 796 F.2d at 219-20.

### B. Interests of Justice

The interests of justice inquiry involves judicial economy, not the private interests of the litigants or witnesses. *See Amoco Oil*, 90 F.Supp.2d at 961. Thus, this inquiry focuses on: (1) the court's familiarity with the applicable law; (2) the forum's relationship with the cause of action; and (3) the congestion of the respective court dockets and the prospects of an earlier trial. *See id.* at 961-62; *see also IP Innovation*, 289 F.Supp.2d at 955. Old Republic concedes that both Illinois and South Carolina have an interest in this dispute, making this factor neutral. Thus, the court turns to the applicable law and court congestion factors.

The defendants assert that South Carolina substantive law will most likely be applied to resolve this action. Specifically, the defendants claim that under S.C. Code Ann. § 38-61-10, all insurance contracts on property, lives, or interests in South Carolina are considered to be made in South Carolina and are subject to the laws of South Carolina. On the other hand, as Old Republic correctly notes, under the *Erie* doctrine, a federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits, in this case Illinois. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *FDIC v. Wabick*, 335 F.3d 620, 625 (7th Cir. 2003).

Regardless of the controlling substantive law, federal courts frequently decide substantive legal questions based on the laws of different states in diversity jurisdiction actions. *See Brandon Apparel Group*, 42 F.Supp.2d at 835. As such, either district court would be able to fully analyze and decide this case based on an insurance coverage dispute regardless of whether Illinois or South Carolina law applies. Therefore, this factor does not weigh in favor of either forum.

With regard to the respective congestion of the court dockets and an earlier trial date, the court examines the median months it takes each forum to dispose of a case and the median months from filing to trial. *See id.* The most recent statistics from the Administrative Office of the United States Courts show that the median civil case in Northern District of Illinois is disposed of 5.5 months after filing, whereas in the District of South Carolina it is 8.2 months after filing. On the other hand, the median civil case goes to trial faster in the District of South Carolina than in the Northern District of Illinois. Because the statistics are split between the two districts, this factor is neutral.

6

In sum, after carefully weighing the private and public interests, the court concludes that the defendants have not demonstrated that transferring this action to the District of South Carolina is clearly more convenient because a majority of the factors weigh against transfer or are neutral. Therefore, the court, it its discretion, denies the defendants' Motion to Transfer this action to the District of South Carolina, Charleston Division.

## IV. MOTION TO DISMISS – PERSONAL JURISDICTION

### A  Rule 12(b)(2) Standard

Terry E. Richardson, Jr. moves this court to dismiss the First Amended Complaint against him based on the court's lack of personal jurisdiction. In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the court may consider matters outside the pleadings, such as affidavits submitted by the parties. *See Purdue Research Found. v. Sanofi-Synthlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). When a district court determines a defendant's Rule 12(b)(2) motion based on the submission of written materials, without holding an evidentiary hearing, the plaintiff must make a *prima facie* case of personal jurisdiction. *See Purdue Research Found.*, 338 F.3d at 782-83 (citations and quotations omitted). In making the determination whether the *prima facie* standard has been satisfied, courts must resolve all disputes concerning relevant facts in favor of the plaintiff. *See id.* Ultimately, the plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *See Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003).

Where the court's subject matter jurisdiction stems from diversity of citizenship, as in this case, the court may assert personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir.

7

2002). Accordingly, the court looks to the Illinois long-arm statute which contains a "catch-all" provision allowing Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and United States Constitutions. *See* 735 ILCS 5/2-209(c); *see also Hyatt*, 302 F.3d at 714. While the Illinois and United States Constitutions do not contain the exact same due process guarantees, the Seventh Circuit has stated that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt*, 302 F.3d at 715. Thus, the court collapses its inquiry into one – whether asserting personal jurisdiction over Richardson complies with federal due process protections. *See id.* (under catch-all provision courts turn directly to constitutional inquiry).

### B. Minimum Contacts

Federal due process requires that a nonresident defendant have "minimum contacts" with the forum state and that the nonresident defendant "purposefully availed itself" of the privilege of conducting activities within the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945). The "purposeful availment" requirement ensures that a nonresident defendant will not be forced to litigate in a jurisdiction as a result of random contacts with the forum or the unilateral activity of another party. *See Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

A court's exercise of personal jurisdiction over a defendant may be either general or specific. *See Hyatt*, 302 F.3d at 716. Here, Old Republic contends that this court has specific jurisdiction over Richardson. Specific jurisdiction allows a court to exercise personal jurisdiction over a nonresident defendant for forum-related activities if the relationship between the defendant and the forum falls within the traditional *International Shoe* minimum contacts

8

paradigm. *See Purdue Research Found.*, 338 F.3d at 780. Therefore, the court will examine the contacts that Richardson had with Illinois as they relate to Old Republic's cause of action seeking a declaratory judgment pertaining to the two excess professional liability insurance policies.[2]

Because insurance policies are contracts, this court turns to the considerable guidance given by the Supreme Court with respect to specific jurisdiction in the context of contractual matters. The Supreme Court directs federal courts to adopt a highly realistic approach, instead of a mechanical one, when accessing whether personal jurisdiction exists when a contract is at issue. *See Burger King,* 471 U.S. at 478-79; *see also International Shoe Co.*, 326 U.S. at 319. While a nonresident defendant's contract with a resident defendant does not automatically establish the requisite minimum contacts, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" often indicate the defendant's "purposeful availment" which makes litigating in the forum state foreseeable to the defendant. *See Burger King,* 471 U.S. at 478-79; *see also Hyatt,* 302 F.3d at 716.

Richardson, who is the former President of Ness Motley and a current partner of Richardson Patrick, contends that as an officer and shareholder of both law firms his contacts

---

[2] Old Republic also argues that this court has specific jurisdiction pursuant to the tortious act clause of the Illinois long-arm statute. *See* 735 ILCS 5/2-209(a)(2). Under this provision, a court may exercise jurisdiction over nonresident defendants "as to any cause of action arising from" the commission of a tortious act within the State. Because Old Republic failed to allege that Richardson committed any tortious acts in Illinois, this clause does not confer jurisdiction over Richardson. *See General Accident Ins. Co. v. Old Republic Int'l Corp.*, 648 F.Supp. 634, 637 (N.D.Ill. 1986) (if no tortious acts alleged, 2-209(a)(2) not invoked); *see also Kalata v. Healy*, 312 Ill.App.3d 761, 766, 245 Ill.Dec. 566, 728 N.E.2d 648 (Ill.App.Ct. 2000) (ultimate question under 2-209(a)(2) is whether plaintiff alleged defendant committed tortious acts or omissions within Illinois).

9

with Illinois must be analyzed independently from the law firms' minimum contacts for purposes of personal jurisdiction. As such, Richardson contends that his only contact with Illinois relating to the present action involves the application for excess professional liability insurance coverage that he signed and mailed to Illinois and that this contact does not establish the sufficient minimum contacts with Illinois.

On the other hand, Old Republic contends that Richardson himself had sufficient minimum contacts with Illinois because he submitted an application for excess professional liability insurance with Old Republic that included material misrepresentations and/or omissions to Old Republic's agent Chicago Underwriting Group, Inc. and did so knowing that the application would be processed in Illinois. Specifically, Old Republic asserts that Richardson signed and dated an application for the first professional liability policy without indicating that Ness Motley was defending the Underlying Action in which the jury ultimately awarded Interclaim $8.3 million in compensatory damages and $27.7 million in punitive damages. In addition, Richardson was personally insured under the policies and requested individual coverage from Old Republic via a letter sent to Chicago Underwriting Group, Inc. in Chicago, Illinois.

Despite Richardson's argument that he made just one contact with Illinois, the excess professional liability policies have a substantial connection with Illinois. *See Burger King*, 471 U.S. at 479 (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957)). By signing the application for the excess professional liability insurance, Richardson reached out to Illinois by contracting for insurance via Old Republic's Chicago offices. Looking to the terms of the contracts, Richardson himself was personally insured and requested personal coverage under the excess liability policies. Both policies contemplated future consequences, that is, the possibility

that excess professional liability coverage might be needed. Indeed, that is exactly what happened here. Accordingly, Richardson purposefully availed himself to Illinois making litigation in this forum foreseeable. *See Burger King*, 471 U.S. at 478. Simply put, Richardson's contacts with Illinois are not so random or based on the unilateral activity of another party that he could not have anticipated being haled into this forum. *See id.* at 474-75.

Finally, federal due process requires that the exercise of personal jurisdiction over a nonresident defendant must be reasonable and that exercising jurisdiction does not violate traditional notions of fair play and substantial justice. *See Burger King*, 471 U.S. at 476-78; *see also International Shoe*, 326 U.S. at 316. Factors this court considers when determining the reasonableness of exercising personal jurisdiction over a nonresident defendant include the state's interest in providing a forum to the plaintiff, the burden of defense on the defendant, the burden of prosecution elsewhere on the plaintiff, the extent to which the claim is related to the defendant's local activities, and the avoidance of a multiplicity of suits. *See Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987); *Mid-America Tablewares Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1362 (7th Cir. 1996).

Applying the *Asahi Metal* reasonableness factors, the court concludes that exercising jurisdiction over Richardson is reasonable and fair. Richardson concedes that Illinois has an interest in this action because Old Republic's principal place of business is in Illinois. Richardson, however, claims that the burden of defending this action in Illinois is excessive because of his limited contacts with Illinois. Richardson's cursory argument is not persuasive especially because the other individual defendants and the law firm will be defending the action in this forum. Finally, dismissing Richardson from this action increases the likelihood of

11

multiple lawsuits arising from the excess professional liability policies at issue. Therefore, it is in the interest of judicial economy that this claim be heard in this forum. *See Asahi Metal*, 480 U.S. at 113; *In re Oil Spill by the Amoco Cadiz*, 699 F.2d 909, 917 (7th Cir. 1983). Therefore, the court concludes that its exercise of personal jurisdiction over Richardson is reasonable and fair under the federal due process clause.

## V. CONCLUSION

For the foregoing reasons, the defendants' Motion to Transfer Venue [R. 32-1] and Richardson's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) [R. 33-1] are denied. Old Republic's Motion for Leave to File Instanter its Sur-Reply [R. 57-1] is granted.

DATE: APR 0 5 2004

Blanche M. Manning
United States District Judge