# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5238 | DATE | 1/4/2005 |
| CASE TITLE | Old Republic vs. Ness, Motley, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] On plaintiff's motion to dismiss the second amended counterclaim, response to be filed by 2/1/05. Reply to be filed by 2/15/05. Ruling by 4/8/05. Status hearing, if necessary, will be in the ruling. Plaintiff's motion to strike certain affirmative defenses is granted as to the first 2 defenses to the extent that they rely on South Carolina law. Plaintiff's motion to strike 4th and 6th affirmative defenses is granted. Ness Motley to file amended affirmative defenses consistent with this court's order by 1/25/05. Plaintiff's motion to strike 5th and 7th affirmative defenses is denied. Enter Memorandum and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 7 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | DEC ¥ 5 2005 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2005 JAN -4 PM 1:13 | 1/4/2005 date mailed notice |
| rs | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 126

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLD REPUBLIC INSURANCE COMPANY, )
)
Plaintiff, )
v. ) Case No. 03 C 5238
)
NESS, MOTLEY, LOADHOLT, ) Judge Blanche M. Manning
RICHARDSON & POOLE, P.A.; )
RICHARDSON, PATRICK, WESTBROOK )
& BRICKMAN, LLC; H. BLAIR HAHN; )
MICHAEL J. BRICKMAN; TERRY E. )
RICHARDSON, JR.; INTERCLAIM )
HOLDINGS, LTD; INTERCLAIM )
RECOVERY, LTD; and TWIN CITY FIRE )
INSURANCE COMPANY, )
)
Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Old Republic Insurance Company ("Old Republic") brings this declaratory judgment action based on diversity jurisdiction. Before the court is Old Republic's motion to strike certain of Ness, Motley, Loadholt, Richardson & Poole, P.A., Motley Rice, L.L.C. and M.R.R.M., P.A.'s (collectively, Ness Motley) affirmative defenses.[1] For the reasons that follow, the court grants in part and denies in part the motion to strike certain of the affirmative defenses.

I. BACKGROUND

For purposes of this order, the court will presume familiarity with its prior decisions regarding this case. The present action stems from a judgment entered against the now defunct law firm of Ness Motley. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole,*

---

[1] Old Republic's previously pending motion to dismiss the initial counterclaim of Ness Motley was denied as moot on November 16, 2004 due to Ness Motley's request to file an amended counterclaim.

2001 WL 1313799 (N.D. Ill. Oct. 29, 2001) (hereinafter "Underlying Action"). Defendants Interclaim Holdings, Ltd. and Interclaim Recovery, Ltd. (collectively "Interclaim") filed the Underlying Action against Ness Motley alleging that Ness Motley engaged in wrongdoing in connection with its representation in the prosecution of certain class action claims that took place in the Circuit Court of Madison County, Illinois. The jury in the Underlying Action found Ness Motley breached its fiduciary duty and the parties' retainer agreement and awarded Interclaim $8.3 million in compensatory damages and $27.7 million in punitive damages. Ness Motley filed a motion for a new trial, judgment as a matter of law, and remittitur, which the district court denied. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 298 F.Supp.2d 746 (N.D. Ill. 2004).[2] Presently, the defendants' appeal of the Underlying Action is pending in the Seventh Circuit. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 04-1234 (7th Cir. filed Jan. 28, 2004 and argued September 29, 2004).

The individual defendants in the present action are now members of and are practicing law with defendant Richardson Patrick, a South Carolina law firm. At issue are the excess professional liability policies Old Republic issued to Ness Motley and its individual attorneys. Old Republic seeks a determination that it has no duty to defend, indemnify, or reimburse defense costs or make indemnity payments to the defendants because the defendants failed to disclose the Underlying Action when applying for their excess professional liability insurance coverage. Defendant Twin City Fire Insurance Company ("Twin City") issued the primary professional liability insurance policy to Ness Motley. The primary insurance policy has a liability limit of $20 million.

---

[2] Judge Pallmeyer amended the Memorandum, Opinion, and Order. *See Interclaim Holdings, Ltd. v. Ness, Loadholt, Richardson & Poole*, 2004 WL 725287 (N.D. Ill. April 1, 2004).

2

## II.   MOTION TO STRIKE AFFIRMATIVE DEFENSES

Before addressing the claims in Old Republic's Motion to Strike Certain Affirmative Defenses, the court notes that Ness Motley was given leave on November 9, 2004 to file a surreply. The court has reviewed the surreply and finds that most of the arguments could and should have been included in Ness Motley's response or are irrelevant to the motion at hand. The court, however, will address below Ness Motley's argument responding to Old Republic's assertion that defendants Brickman and Hahn had the incentive to fully litigate the choice-of-law issue.

Ness Motley has asserted seven affirmative defenses: (1) Count I fails to state a claim because Old Republic does not allege prejudice, as required under South Carolina law; (2) Count VIII fails to state a claim because, under South Carolina law, punitive damages are insurable; (3) Count IX fails to state a claim because Ness Motley breached no duty owed to Old Republic; (4) estoppel; (5) waiver; (6) laches; and (7) unclean hands. Old Republic moves to strike the first two affirmative defenses and the fourth, fifth, sixth, and seventh affirmative defenses.[3]

Although Federal Rule of Civil Procedure 12(f) permits this Court to strike any insufficient affirmative defense from any pleading, motions to strike are generally disfavored and may only be granted if "the defense [asserted] is patently defective and could not succeed under any set of circumstances." *Carpenter v. Ford Motor Co.*, 761 F. Supp. 62, 65 (N.D. Ill 1991). This court will not strike an affirmative defense if: (1) it is properly raised as an affirmative defense; (2) it meets

---

[3]On November 16, 2004, Ness Motley was granted leave to file an amended fourth affirmative defense and a second amended counterclaim. Accordingly, Judge Mason denied Old Republic's then pending motion to strike the fourth affirmative defense as moot. However, Ness Motley ultimately decided not to amend its fourth affirmative defense and Old Republic has moved to renew its motion to strike the fourth affirmative defense based on the same grounds in its initial motion. Old Republic's motion to renew is granted and the court will consider Old Republic's motion to strike the fourth affirmative defense herein.

3

the pleading requirements of Federal Rules of Civil Procedure 8 and 9; and (3) it could withstand a Rule 12(b)(6) challenge. *Ivanhoe Financial, Inc. v. Highland Banc Corp.*, No. 03 C 7336, 2004 WL 2091997, *3 (N.D. Ill. Sept. 15, 2004).

*First and Second Affirmative Defenses*

As noted above, the first two affirmative defenses allege that Counts I and VIII (both request declaratory relief against all defendants except Interclaim and Twin City) of the complaint fail to state a claim. Old Republic argues that these defenses should be stricken under the law of the case doctrine because they are based expressly on South Carolina law and this court has already determined in its June 22, 2004, ruling that Illinois law applies to this litigation. Ness Motley responds that, for a variety of reasons, the law of the case doctrine does not apply to the instant situation and thus this court's previous ruling as to the applicable law does not prevent it from putting forth an affirmative defense based on South Carolina law.[4]

Under the law of the case doctrine, "a ruling made in an earlier phase of the litigation controls the later phases unless a good reason is shown to depart from it." *Tice v. American Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004); *Winters v. Gray*, No. 96 C 7117, 1999 WL 281083, *4 (N.D. Ill. March 31, 1999) ("The law of the case doctrine 'merely expresse[s] the practice of courts generally to refuse to reopen what has been decided.'")(internal citation omitted). However, the rule is not "hard and fast, and so a party is free to argue that an intervening change in law or other changed or special circumstance warrants a departure." *Tice*, 373 F.3d at 854. The Seventh

---

[4]Ness Motley does not want Illinois law to apply to this action primarily because it appears that under Illinois law, a punitive damages award is not insurable if it arises out of the insured's own conduct. *Beaver v. County Mut. Ins. Co.*, 420 N.E.2d 1058, 1061 (Ill. App. Ct. 1981). This means that if the punitive damage is upheld in the Underlying Action, Ness Motley would be liable if the Old Republic excess insurance is deemed not to cover punitive damage awards.

4

Circuit has specifically identified the following exceptions that may require a court to revisit an earlier ruling: "(1) substantial new evidence introduced after the first review, (2) a decision of the Supreme Court after the first review, [or] (3) a conviction on the part of the second reviewing court that the decision of the first was clearly erroneous." *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991).

Ness Motley makes five separate arguments why the law of the case doctrine should not apply to it. First, it argues that because it was not involved in the litigation at the time of the motion to determine the applicable law, it should not be held to the court's ruling on the motion. The second reason, closely related to the first, is that it did not participate in the briefing of the motion to determine the applicable law and so should not be held to the court's ruling. Third, it asserts that additional discovery is needed before an accurate ruling can be made on the choice-of-law issue. Fourth, it states that Judge Pallmeyer's ruling in the Underlying Action precludes a finding that Illinois law applies. Finally, it argues that a finding that Illinois law applies would be unjust. The court addresses each argument in turn.

Ness Motley first argues that the law of the case doctrine has "no application to parties who were not actively involved in the original dispute." In support, it cites *Minton v. MCA, Inc.*, 438 F.3d 1228, 1995 WL 80145 (9th Cir. 1995), and *United States v. Maybusher*, 735 F.2d 366 (9th Cir. 1984). These cases, however, are inapposite.

In *Minton*, the sons of the plaintiff filed their own action against defendant, which the district court dismissed on the grounds that it was filed "in bad faith" because the son's interests were "aligned" with those of their father. On appeal, the defendant argued that the law of the case justified the dismissal of the sons' complaint because the district court had granted summary judgment against the father-plaintiff in the original action. *Minton*, 1995 WL 80145, at *3. The

5

court, however, while not expressly rejecting the defendant's law of the case argument, held that dismissal of the action was not proper because even if the sons' interests were aligned with those of their father, they still had the right to file their own action. The instant case is distinguishable. In *Minton*, the sons were not parties to their father's action (i.e., it was not the *same case*). Here, however, as Old Republic correctly notes, Ness Motley is and has always been a party to this litigation.

In *Maybusher*, Maybusher was indicted with several other defendants when authorities found marijuana on their boat. After the indictment was dismissed then reinstated for reasons not relevant here, only three of the defendants (not Maybusher) were rearrested and ultimately convicted. On appeal, the court found that defendants' motion to suppress should have been granted. Subsequently, Maybusher was rearrested on the reinstated indictment, his motion to suppress was denied, and he was convicted. On appeal, Maybusher argued that the appellate court's previous holding that the seized marijuana be suppressed was the law of the case and required suppression as to him as well. The Ninth Circuit disagreed, stating that the law of the case was not applicable because Maybusher *was not a party to the appeal* (or, this court notes, the original trial on which that appeal is based) in which the court held the evidence should have been suppressed and his conviction did not occur as a result of the same trial as his co-defendants. *Maybusher*, 735 F.2d at 370 ("the co-defendants may not have had standing or may not have felt compelled to mount the kind of aggressive challenge to the search . . . that would have given the Government the incentive to litigate the question fully in that case").

Here, however, Ness Motley is a party and had the opportunity to litigate this issue but chose not to. In addition, unlike in *Maybusher*, the other defendants who participated in the motion to

6

determine the applicable law, (the "Richardson Patrick" defendants[5]) had standing to fully litigate the choice-of-law issue. Further, as noted by Old Republic, and again contrary to *Maybusher*, the Richardson Patrick defendants had the same incentive to prove that South Carolina law applied to this action as did Ness Motley in that they are also insureds under the exact policy at issue in this case.

Ness Motley disagrees and, in its surreply, argues in a somewhat convoluted way that Hahn and Brickman actually had a disincentive to argue (as did Ness Motley in its response to the motion to strike the affirmative defenses) that Illinois public policy did not prohibit coverage for punitive damages "and to improvidently concede in the prior briefing, . . . , that if Illinois law governed, punitive damages were not covered under the Policies." Ness Motley contends that if Illinois law prohibits coverage of punitive damages ("as Hahn and Brickman purposely conceded", according to Ness Motley), then Hahn and Brickman's failure to have notified Old Republic of the Underlying Action was "harmless error," because even if they had notified Old Republic, there would have been no coverage for the punitive damages. While this might be an argument as to why Hahn and Brickman conceded that Illinois law prohibits coverage of punitive damages, it does not demonstrate that Hahn and Brickman did not have the same incentive to argue that South Carolina law, instead of Illinois law, applied to this action. Indeed, if Hahn and Brickman were trying to escape potential liability against Ness Motley under this version of events, it would make no sense for them to have argued that South Carolina law applies at all—wouldn't they have simply agreed that Illinois law applies knowing that Illinois law appears to prohibit coverage of punitive damages?

---

[5] Old Republic filed a motion to determine applicable law and a motion to dismiss the counterclaim of H. Blair and Michael J. Brickman. Thus, the choice-of-law issue was briefed by the "Richardson Patrick" defendants who are former Ness Motley partners and who now practice at defendant law firm of Richardson, Patrick, Westbrook & Brickman, L.L.C.

7

The court finds that Ness Motley's complex theory of Hahn and Brickman's motives does not merit a determination that Hahn and Brickman did not have the same incentive to argue that South Carolina applies to this action.

In a similar argument to its first one, Ness Motley argues that because it did not participate in the briefing on Old Republic's motion to determine the applicable law it cannot be held to the court's decision on the matter. Ness Motley does not state that it was prevented from participating in the choice of law motion–only that it apparently chose not to brief the issue because it had a pending motion to stay the proceedings before this court based on the appeal of the Underlying Action (which was later denied), and had not yet filed an answer. Ness Motley's lack of participation in the briefing on the motion to determine the applicable law was of its own making. Despite the fact that the motion to determine applicable law was "not directed to" Ness Motley, it could have sought leave to participate, but chose not to. A party's strategic decisions during litigation are not included in the exceptions to the law of the case doctrine listed above. *Key*, 925 F.2d at 1060.

Third, Ness Motley asserts that additional discovery is needed on the issue of the choice of law. Specifically, it argues that "[d]iscovery is manifestly needed to provide this Court with the kind of comprehensive record necessary, not only for informed choice of law determinations, but for the questions of contractual intent that abound in this case." It further states the court's choice-of-law decision should not be based on a factually incomplete record. However, a review of the docket shows that the closing date for written discovery was extended to September 1, 2004, a full month before Ness Motley filed its response brief to Old Republic's motion to strike the affirmative defenses. Yet Ness Motley's response brief contains no evidence that was uncovered in written discovery that would impact this court's choice-of-law decision.

Ness Motley was aware of the court's June 22, 2004, ruling finding that Illinois law applied to this litigation. If Ness Motley believed this court's choice-of-law determination was incorrect, any additional evidence that Ness Motley believed may have been pertinent to the choice-of-law question could and should have been elicited during written discovery between June 22, 2004 and September 1, 2004. Yet Ness Motley identifies no such evidence and does not even posit what evidence it might adduce during the remaining month of oral discovery that could impact this court's choice-of-law ruling.

Fourth, Ness Motley's reliance on Judge Pallmeyer's ruling that South Carolina law applies in the Underlying Action is also misplaced. Judge Pallmeyer's decision that South Carolina law applied to that action was based on a choice-of-law provision in the retention agreement between the parties. *Interclaim*, 298 F. Supp. 2d at 762 ("at trial, [Ness Motley] conceded that South Carolina law governed the breach of contract claim and specifically agreed to a punitive damage instruction drawn from the South Carolina code"). Thus, Judge Pallmeyer's decision that South Carolina law applied was based on the express choice-of-law provision in the retention agreement between the parties and the parties' agreement that South Carolina law applied. Here, however, no choice-of-law provision exists and the court sees no inconsistency in the different choice-of-law rulings. This court notes that Ness Motley's reliance on this argument is inconsistent with the position it has taken in the appeal of the Underlying Action. In that appeal, Ness Motley acknowledges that it is contending that Illinois law applies.

Finally, Ness Motley argues that relying on the law of the case to conclude that Illinois law applies and thus, the first two affirmative defenses should be stricken, would be unjust. First, Ness Motley argues that the court's choice-of-law ruling fails to take into account the "justified expectations" of the parties. Second, Ness Motley argues that the Old Republic policy specifically

9

adopted the Primary Policy's definition of "loss," which included coverage for punitive damages. Finally, Ness Motley asserts that if Illinois law does indeed apply as this court has found, it will have paid Old Republic for an insurance policy for punitive damages, but under Illinois law, it is likely that punitive damages are uninsurable. According to Ness Motley, it would be unreasonable to assume that it would pay Old Republic for a policy that covered punitive damages–coverage that in Illinois did not exist.

As to the first two points, if Ness Motley wanted be heard in connection with the choice-of-law motion as to these issues, it should have participated at the time of the briefing. This court considered the appropriate factors in ruling on Old Republic's motion to determine the applicable law and Ness Motley has failed to put forth any reason showing that the court's ruling was clearly erroneous. *Key*, 925 F.2d at 1060. As to Ness Motley's argument that it would be unreasonable to assume that Ness Motley would pay for coverage that does not exist in Illinois, simply because a determination that one state's law applies would eliminate a cause of action available to a party in another state does not dictate a finding that the chosen state's law does not apply. *WTM, Inc. v. Henneck*, 125 F. Supp. 2d 864, 868 (N.D. Ill. 2000) ("The fact that a different state may provide certain statutory rights for a plaintiff which are not available under the chosen state's law does not invalidate a choice-of-law provision as contrary to public policy.")

Accordingly, this court strikes the first two defenses to the extent that they rely on South Carolina law. This court will not rule on whether the first two affirmative defenses are sufficient under Illinois law, as that issue is not before the court (though Ness Motley concedes that the viability of both of the affirmative defenses is at issue should Illinois law control). If Ness Motley believes in good faith and based on the current state of the law that it may assert the first two defenses under Illinois law, this court gives Ness Motley leave to refile the first two defenses within

10

21 days of the date of this order.

*Fourth, Fifth, Sixth and Seventh Affirmative Defenses*

Ness Motley's last four affirmative defenses are estoppel, waiver, laches, and unclean hands, respectively. These defenses are based on Old Republic's alleged delay in investigating Ness Motley's claim for coverage and notifying it of its coverage decision. Old Republic argues that as an excess insurer, it had no duty or obligation to provide coverage, so it cannot be prevented from asserting its rights to deny coverage.

An affirmative defense must include "either direct or inferential allegations respecting all material elements of the claim asserted." *Man Roland v. Quantum Color Corp.*, 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999). Old Republic contends that the fourth and sixth affirmative defenses of estoppel laches should be stricken because they fail to plead the element of prejudice. *Chatham Corp. v. Dann Ins.*, 812 N.E.2d 483, 495 (Ill. App. Ct. 2004) ("To establish estoppel in an insurance context, the insured must show, (1) that he was misled by the acts or statements of the insurer or its agent; (2) reliance by the insured on those representations; (3) that such reliance was reasonable; and (4) detriment or prejudice suffered by the insured based on the reliance.") (citation omitted); *Gersch v. Illinois Dep't of Professional Regulation*, 720 N.E.2d 672, 682 (Ill. App. Ct. 1999) ("The two fundamental elements of laches are (1) a lack of due diligence by the party asserting the claim and (2) prejudice to the opposing party."). This court agrees that Ness Motley has failed to plead prejudice. Thus, Old Republic's motion to strike the fourth and sixth affirmative defenses is granted. Ness Motley is given leave to replead within 21 days if it can so pursuant to the requirements of Fed. R. Civ. P. 11.

This leaves the court with Ness Motley's waiver and unclean hands defenses. Based on the standard stated above for striking affirmative defenses, this court cannot find at this time that these

11

affirmative defenses are patently defective and could not succeed under any set of circumstances. Old Republic's argument goes to the merits of the case, and raises issues of fact more suited to summary judgment. Indeed, Old Republic incorporates by reference its stricken motion for summary judgment in its motion to strike Ness Motley's affirmative defenses. Old Republic's motion to strike the affirmative defenses of unclean hands and waiver is not the proper mechanism for deciding the substantive issues in this case. Accordingly, this court declines to decide the issue of whether Old Republic was obligated to provide coverage (and further provide timely notice of investigation and coverage) at the pleading stage. *O.T. Pickell Builders, Inc., v. Witkowski*, 1998 WL 664949, *3 (N.D. Ill. Sept. 16, 1998) (declining to rule on motion to strike certain affirmative defenses which required court to engage in analysis of the facts which analysis was more suited for summary judgment). Old Republic's motion to strike incorporates by reference its already-filed motion for summary judgment which presumably contains a more fulsome discussion of the issue, and to which Ness Motley will have the opportunity to respond at the appropriate time.

## IV. CONCLUSION

For the foregoing reasons, Old Republic's Motion to Strike Certain Affirmative Defenses [76-1] is granted as to the first two defenses to the extent that they rely on South Carolina law. Old Republic's motion to strike the fourth (estoppel) and sixth (laches) affirmative defenses is granted. Ness Motley is given 21 days from the date of this order to file amended affirmative defenses consistent with this court's order. Old Republic's motion to strike the fifth (waiver) and seventh (unclean hands) affirmative defenses is denied.

ENTER:

*Blanche M. Manning*
Blanche M. Manning
United States District Judge

DATE: