IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 03 C 5238 |
| ) | |
| NESS, MOTLEY, LOADHOLT, ) | Judge Blanche M. Manning |
| RICHARDSON & POOLE, P.A.; ) | |
| RICHARDSON, PATRICK, WESTBROOK ) | |
| & BRICKMAN, LLC; H. BLAIR HAHN; ) | |
| MICHAEL J. BRICKMAN; TERRY E. ) | |
| RICHARDSON, JR.; INTERCLAIM ) | |
| HOLDINGS, LTD; INTERCLAIM ) | |
| RECOVERY, LTD; and TWIN CITY FIRE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the court is Ness, Motley, Loadholt, Richardson & Poole, P.A., Motley Rice, L.L.C. and M.R.R.M., P.A.'s (collectively, "Ness Motley") motion for consolidation pursuant to Fed. R. Civ. P 42(a), and Local Rule 40.4(a).[1] Defendant Twin City Fire Insurance Company joins Ness Motley's motion. For the reasons that follow, the court denies the motions for reassignment and consolidation.

I. BACKGROUND

For purposes of this order, the court will presume familiarity with its prior decisions regarding this case. The present action stems from a $36 million judgment entered against the now defunct law firm of Ness Motley. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2001 WL 1313799 (N.D. Ill. Oct. 29, 2001) amended in *Interclaim Holdings,*

---

[1]While not titled as such, the court construes Ness Motley's motion as one for relatedness and reassignment under Local Rule 40.4 as well as a motion for consolidation.

*Ltd. v. Ness, Loadholt, Richardson & Poole,* 2004 WL 725287 (N.D. Ill. April 1, 2004) (hereinafter "Underlying Illinois Action"). Old Republic, which issued excess professional liability insurance policies to Ness Motley, has filed the instant action (hereinafter "Old Republic I") seeking a declaration that it has no liability in connection with the judgment entered in the Underlying Illinois Action.

On December 29, 2004, Old Republic filed another Complaint for Declaratory Judgment and Related Relief against several of the same defendants, captioned *Old Republic v. Ness, Motley, Loadholt, Richardson, & Poole, P.A., Motley Rice, L.L.C., M.R.R.M., P.A., Ronald Motley, Joseph Rice, and Twin City Fire Insurance Company*, No. 04 C 8335 (N.D. Ill.) (hereinafter "Old Republic II"). In Old Republic II, Old Republic seeks a declaration that "it has no duty to defend or indemnify and/or reimburse defense costs or make indemnity payments" in connection with a suit pending against the defendants in the United States District Court for the Southern District of New York, *G-I Holdings Inc. v. Baron & Budd, et al.*, 01 Civ. 0126 (RWS) ("Underlying New York Action"). Old Republic II was assigned to Judge Guzman.

## II. MOTION FOR REASSIGNMENT AND CONSOLIDATION

### A. *Parties' Positions*

Ness Motley seeks to consolidate Old Republic I and Old Republic II on the ground that Count VIII of the Complaint in Old Republic II mirrors Count XI of the Amended Complaint in the instant case, Old Republic I. According to Ness, Motley, Old Republic II makes the same failure to settle allegations made in Old Republic I, but with respect to the Underlying New York Action, which has no relationship to the Underlying Illinois Action. Specifically, Old Republic alleges in Old Republic II that Ness Motley and Twin Cities (Ness Motley's primary insurer with a $20 million policy limit) unreasonably refused to pursue settlement in the Underlying Illinois Action

when it was advised that a settlement could be reached in the ten to twenty million dollar range. Judgment was ultimately entered against Ness Motley for $36 million. While an appeal of the Underlying Illinois Action was pending in the Seventh Circuit, the case was settled for an amount in excess of Twin City's $20 million primary insurance policy. Old Republic alleges in Old Republic II that

> [b]ut for Ness Motley's and/or Twin City's unreasonable refusal to settle the Underlying Illinois Action within the limits of Twin City's primary coverage, Twin City's primary coverage would not have been exhausted in connection with the Underlying Illinois Action and would still be available to provide defense and/or indemnity coverage in connection with the Underlying New York Action.

Old Republic II, ¶73. Ness Motley also argues that the cases satisfy Local Rule 40.4(a)'s test for related cases as well as Rule 40.4(b)'s conditions for reassignment.

Old Republic and the Richardson, Patrick Defendants (i.e., Richardson, Patrick, Westbrook & Brickman, L.L.C., Michael J. Brickman, and Terry E. Richardson) oppose the motion to consolidate. The Richardson, Patrick defendants oppose the motion on three grounds. First, the Richardson, Patrick defendants contend that Old Republic II involves a substantially different set of facts and allegations, none of which involve them. Second, they assert that consolidation will unnecessarily reopen fact discovery and delay the trial date in the instant case. Finally, they argue that they will be substantially prejudiced by consolidation because they have no involvement in the allegations of Old Republic II, but would be required to participate in depositions, attend court calls and monitor all aspects of a consolidated action.

Old Republic opposes the motion on the ground that substantive rulings have been made in Old Republic I which should not be revisited in Old Republic II. Second, Old Republic argues that the discovery process in Old Republic II would substantially delay Old Republic I, because fact discovery has already closed and it plans to seek leave to file a motion for summary judgment in the

3

near future. Finally, it contends that there is no reason to reopen discovery in Old Republic I as a result of any claims in Old Republic II.

      B.    *Analysis*

Prior to deciding whether the cases should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure, the court must first determine whether the cases are related under Local Rule 40.4(a) and, in turn, whether Old Republic II should be reassigned under Local Rule 40.4(b).

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2003 WL 21011757, at *3 (N.D.Ill. May 5, 2003). This Court has the sound discretion whether to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 847 (N.D.Ill.1999). Local Rule 40.4(a) provides that:

> Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same.

N.D. Ill. L.R. 40.4(a).

Ness Motley relies on the similar allegations between the two cases with respect to the unreasonable failure to settle claims in support of its motion for reassignment and consolidation. Ness Motley further points out that each case involves the same parties and the same Old Republic policy, and thus, Local Rule 40.4 is satisfied because the cases involve some of the same issues of fact or law (the alleged unreasonable failure to settle the Underlying Illinois Action and the events surrounding the Underlying Illinois Action), they involve the same property (the Twin City and Old Republic policies), or they grow out of the same transaction or occurrence (alleged unreasonable failure to settle the Underlying Illinois Action and the events surrounding the Underlying Illinois

4

Action).

Old Republic agrees that Old Republic II raises the issue of coverage under one of the same insurance policies at issue in Old Republic I, and that Old Republic II raises the same unreasonable failure to settle the Underlying Illinois Action that is central to resolution of Old Republic I. However, Old Republic also notes that there are "completely unrelated" claims in Old Republic II.

The court acknowledges (as do the parties) that the underlying actions as to which Old Republic is seeking declarations of non-coverage involve completely different sets of facts. *See* Ness Motley's Motion for Consolidation, at p. 3 (noting that Old Republic II "makes the same failure to settle allegations as it does here for purposes of avoiding its excess coverage obligations in connection with a New York lawsuit filed against Ness Motley, which has no relationship to the [Underlying Illinois Action].") However, the court concludes that because the cases involve some of the same issues of fact and law with respect to the unreasonable failure to settle claim, the cases are related under Local Rule 40.4(a).

Once the cases are determined to be related, they must meet four additional requirements before they can be reassigned: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. N.D.Ill. L.R. 40.4(b). Further, Local Rule 40.4(c) requires parties to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." *Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Contribution Retirement Fund v. Joseph/Anthony, Inc.*, No. 03 C 8707, 2004 WL 1631646, at *3 (N.D. Ill. July 16, 2004) (quoting Local Rule 40.4(b)). "The judges of this Court have interpreted

subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met." *Lawrence E. Jaffe Pension Plan,* 2003 WL 21011757, at *3. "Thus, a court must deny a motion to reassign is the party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements." *Machinery Movers, Riggers, and Machinery Erectors, Local 136 Defined Contribution Retirement Fund,* No. 03 C 8707, 2004 WL 1631646, at *3.

    The first requirement is met in that both cases are pending in the Northern District of Illinois. The second requirement, saving of judicial time and effort, however, is not satisfied. While the parties do not discuss the claims in each case with any specificity, the court finds that there would be no "substantial" saving of judicial time and effort as required by Local Rule 40.4(b)(2). The parties agree that the claim of unreasonable failure to settle alleged in Old Republic II mirrors the same issue in Old Republic I. Any decision, then, on the unreasonable failure to settle claim (or any other overlapping issue in the two cases) in the instant case could collaterally estop litigation on this same issue in Old Republic II, "and the court could apply those rulings when deciding this latter-filed case." *Sunstar, Inc. v. Alberto-Culver Company, Inc.*, No. 01 C 0736, 2003 WL 21801428, at *3 (N.D. Ill. August 1, 2003). However, the Old Republic II complaint also puts forth several new grounds as to why Old Republic should not be liable for coverage on the Underlying New York Action, which grounds are not implicated in Old Republic I. These grounds include (a) that the claims asserted against Ness Motley seek restitution which is not covered under the Old Republic policy, (b) the Underlying New York action alleges wrongdoing by the Ness Motley defendants that was undertaken with actual dishonest, fraudulent, criminal or malicious intent, (c) that the allegations against Ness Motley do not arise out of the performance of "professional services" as that term is defined in the Old Republic policy, among others.

All of these claims would have to be examined anew by this court, which would prove to be an inefficient use of judicial time. Further, Old Republic states that it intends to file a motion for summary judgment on the ground that Ness Motley failed to provide proper notice to Old Republic of the Underlying Illinois Action. This issue, according to Old Republic, is unique to the instant case. Thus, it is certainly possible that this case could be decided without this court having to address the unreasonable failure to settle claim–if that is so, then reassigning and consolidating Old Republic II, with its new and additional claims, to the instant action, would surely prove *not* to be in the interests of judicial economy.

As to the third prong, significantly working against the motion for reassignment is the fact that the cases are at two very different procedural postures. Fact discovery in Old Republic I has ended (except for several depositions to be taken after the discovery cut-off) and Old Republic has indicated that it will seek leave in the near future to file a motion for summary judgment claiming that Ness Motley's failure to timely report the Interclaim lawsuit (i.e., the Underlying Illinois Action) to Old Republic precludes Ness Motley from obtaining coverage under the Old Republic policies. Indeed, Old Republic sought leave to file its motion in August 2004, but Ness Motley objected and the court ordered Old Republic to wait until the close of discovery to file the motion. On the other hand, Old Republic II was filed less than 2 months ago and the parties have yet to answer or otherwise file responsive motions to the complaint let alone set a discovery schedule.

Ness Motley argues that no substantial delay would result because (a) Old Republic I is not at issue given the pendency of motions to dismiss; (b) the case has not reached the stage where summary judgment motions could be filed; and (c) an expert discovery schedule has not been set and no trial date has been set. As to the first point, the only motion to dismiss pending at this time is Old Republic's motion to dismiss the second amended counterclaim, which is currently being

7

briefed. The court has set a ruling date of April 4, 2005, and expects to rule sooner. Contrary to Ness Motley's second point, fact discovery is closed (with the exception of a few depositions, which the parties have requested leave to take outside the discovery cut-off date); thus, the case is at a point where the filing of summary judgment motions is appropriate. Finally, according to the docket in this case, an expert discovery schedule was set by the magistrate judge on January 31, 2005, with plaintiff to serve its expert report by March 31, 2005 and defendants to serve their expert report by May 16, 2005. That no trial date has been set does not mean that no substantial delay will occur by reassigning Old Republic II to this court. Based on the significantly different procedural postures of the two cases, the court concludes that substantial delay to the instant case would result if the case was reassigned to this court.

Old Republic stated in its response that it may seek leave to file a motion for summary judgment as to Count VIII in Old Republic I, which alleges that, as a matter of Illinois public policy, punitive damages are not insurable when the damage arises from the insured's own misconduct. Ness Motley, in its reply, asserted that the punitive damage question cannot be considered "in isolation" because the amended complaint in Old Republic II alleges that Old Republic has no liability for the Underlying New York Action because Ness Motley's counsel in the Underlying Illinois Action were "incompetent." Ness Motley argues that:

> if the allegations of negligence on Old Republic II are true, then Old Republic's defense in Old Republic I that it is excused from liability under the Policy because the punitive damage award necessarily triggers the exclusion for intentional misconduct by the insured will fail. Phrased differently, a finding that Ness Motley's counsel in the [Underlying Illinois Action] was incompetent (as alleged in Old Republic II) would remove Ness Motley's alleged misconduct in Old Republic I as the cause of the punitive award, which instead would have been caused by counsel's professional malpractice, Hartford's negligence, or Ness Motley's negligence. In any event, the proximate cause of the punitive damages award would not have been Ness Motley's intentional misconduct, and the policy's exclusion for intentional misconduct would be an analytical irrelevancy.

8

Reply at 3. The court is not persuaded. Specifically, as noted by Old Republic in its sur-reply[2], its arguments to date (and its potential motion for summary judgment on the punitive damages issue) are based on Illinois public policy and have "*nothing* to do with the intentional conduct exclusion in the Policies." Sur-reply at 4 (emphasis in original).[3] Old Republic has alleged the intentional conduct exclusion as an *alternative* basis to bar coverage for punitive damages. Again, if this issue is even raised by the parties on summary judgment or at trial, collateral estoppel could apply and any decision by this court could be used in Old Republic II.

The court is also puzzled by Ness Motley's assertion that "the factual and legal allegations of both Old Republic I and Old Republic II–as explained in our Motion–are virtually identical." Again, the parties acknowledge, and the court agrees, that the claim of unreasonable failure to settle the Underlying Illinois Action is identical. However, that is one claim among several, and it is not clear to this court, nor was it explained by Ness Motley, how *all* of the factual and legal allegations between the two cases are virtually identical given the fact that Old Republic II clearly contains different claims than does Old Republic I, some of which are based on the specific facts of the Underlying Actions, which both parties admit are wholly unrelated.

Ness Motley also contends that even if some minimal delay were to occur, it should not be a

---

[2]The court grants Old Republic's motion for leave to file a sur-reply to address this one specific issue. Ness Motley has filed a *fifteen-page* objection to Old Republic's motion for leave to file a three-and-a-half page sur-reply, which objection addresses numerous issues. Ness Motley's motion for leave to file an objection is denied except to the extent that objection is referenced in footnote 3 herein. The court warns both parties that continued attempts to "have the last word," especially when those attempts are fifteen pages long and address new and irrelevant issues, will not be countenanced by this court.

[3]In their sur-reply and objection to the sur-reply, the parties dispute the meaning of the court's prior statements as to punitive damages and Illinois public policy. The court will not address the parties' arguments on this issue as they are not relevant to resolution of the instant motion.

problem because "there nothing pressing about this case" given that it is not a criminal case, does not involve allegations of continuing irreparable harm, and no innocent third party's rights are involved. That may be so, but it goes without saying that all parties engaged in litigation are entitled to an expeditious resolution of their claims. Further, the Richardson, Patrick defendants' opposition

to the motion for reassignment and consolidation is well-taken given that they are not involved in any way in Old Republic II.

## IV. CONCLUSION

For the foregoing reasons, Ness Motley's and Twin City's motions for reassignment and consolidation are denied.


**ENTER:**

                                            /s/ Blanche M. Manning
                                            **Blanche M. Manning**
                                            **United States District Judge**

**DATE:** March 15, 2005