IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 03 C 5238 |
| ) | |
| NESS, MOTLEY, LOADHOLT, ) | Judge Blanche M. Manning |
| RICHARDSON & POOLE, P.A.; ) | |
| RICHARDSON, PATRICK, WESTBROOK ) | |
| & BRICKMAN, LLC; H. BLAIR HAHN; ) | |
| MICHAEL J. BRICKMAN; TERRY E. ) | |
| RICHARDSON, JR.; INTERCLAIM ) | |
| HOLDINGS, LTD; INTERCLAIM ) | |
| RECOVERY, LTD; and TWIN CITY FIRE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Before the court is Old Republic Insurance Company's ("Old Republic") Fed. R. Civ. P. 12(b)(6) motion to dismiss portions of the second amended counterclaim of Ness, Motley, Loadholt, Richardson & Poole, P.A., Motley Rice, L.L.C. and M.R.R.M., P.A. (collectively, "Ness Motley"). For the reasons that follow, the court grants in part and denies in part the motion to dismiss.

**I.     Background**

For purposes of this order, the court will presume familiarity with its prior decisions regarding this case and will deem as true all well-pleaded allegations in the Second Amended Counterclaim.

Briefly, the present action stems from a $36 million judgment entered against the now defunct law firm of Ness Motley. *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2001 WL 1313799 (N.D. Ill. Oct. 29, 2001) *amended in Interclaim Holdings, Ltd. v. Ness, Loadholt, Richardson & Poole,* 2004 WL 725287 (N.D. Ill. April 1, 2004) (hereinafter

"Underlying Illinois Action"). Old Republic, which issued excess professional liability insurance policies to Ness Motley (the "Policies"), has filed the instant action seeking a declaration that it has no liability in connection with the judgment entered in the Underlying Illinois Action. The Old Republic Policies provide policy limits of $10 million each, both per claim and in the aggregate, in excess of the underlying $20 million limits of the primary insurance policies issued by Twin City Fire Insurance Company.

On November 30, 2004, Ness Motley filed its Second Amended Affirmative Defenses[1] and Second Amended Counterclaim ("SAC"). The SAC alleges that Old Republic breached its contract by refusing to acknowledge its coverage obligations and by refusing to assist Ness Motley in placing a supersedeas bond with respect to Ness Motley's efforts to perfect an appeal in the Underlying Illinois Action. The SAC also alleges that Old Republic committed fraud because it never intended to provide coverage for punitive damages to Ness Motley despite the fact that the Policies contain language appearing to cover such damages.

Old Republic initially moved to dismiss all counts, but subsequently withdrew its arguments relating to ripeness and its motion to dismiss Count I (breach of contract) of the SAC. Accordingly, currently pending before this court is Old Republic's Rule 12(b)(6) motion to dismiss Count II (common law fraud), Count III (violation of the Illinois Consumer Fraud Act), and Count IV (breach of contract/ breach of duty of good faith and fair dealing) of the SAC.

**II.  Analysis**

    *A.  Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the

---

[1] Ness Motley since filed Third Amended Affirmative Defenses on January 10, 2005.

sufficiency of the complaint (here, the counterclaim) for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Thus, the issue is not whether counterplaintiffs ultimately will prevail, but whether they are entitled to present evidence in support of their claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, the court must assume all facts alleged in the complaint to be true, construe the allegations liberally and view the allegations in the light most favorable to plaintiffs. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.1987), *cert. denied sub nom.*, 484 U.S. 935 (1987). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley,* 355 U.S. at 45-46; *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir.1999).

  B.  *Count II (Common Law Fraud) and Count III (Illinois Consumer Fraud Act)*

  In Count II of the SAC, Ness Motley alleges that Old Republic's "promises to insure Ness Motley for punitive or exemplary damages were knowingly false, fraudulent, and deceptive," because Old Republic "never intended to provide the punitive damage coverage." Instead, according to Ness Motley, Old Republic, in the event that a claim was made under the Policies, planned to contend that the Policies were governed by Illinois law and that coverage for punitive damages resulting from one's own behavior under Illinois law was against public policy. SAC at ¶17.

  Old Republic argues that this count must be dismissed because (1) the SAC alleges a misrepresentation regarding the legal effect of a document (i.e., the Policies) which is not grounds for fraud, and (2) the SAC alleges "promissory fraud" which Ness Motley has not properly plead.

  As to its first argument, Old Republic argues that in order to state a claim for fraud, Ness Motley must allege a misrepresentation of *fact*. *Randazzo v. Harris Bank Palatine, N.A.*, 104 F.

3

Supp. 2d 949, 954 (N. D. Ill. 2000), *aff'd* 262 F.3d 663 (7th Cir. 2001) ("a party's interpretation of a legal document – whether correct or not – cannot be a representation of a material fact but rather is merely that party's personal opinion as to the legal effect of the document.") (citation omitted). According to Old Republic, any representations regarding the scope of coverage under the Policies, the law applicable to the Policies or the state law regarding the insurability of punitive damages is not a misrepresentation of *fact* and cannot, as a matter of law, constitute a basis for fraud. Old Republic contends that it "could not have known at the time it sold the Policies that a court would find Illinois law applicable," so there was no misrepresentation of existing fact.

Ness Motley, however, argues that nothing in the Counterclaim is based upon the construction or legal effect of the Policies in general, and specifically, the punitive damages coverage provision. According to Ness Motley, the language of the punitive damages provision is clear and unambiguous and thus does not concern the legal effect or interpretation of a document.

Old Republic is correct that "[t]he terms and legal effect of a contract are not concealed facts and openly taking a position on the interpretation of legal documents, even if erroneous, is not a deception or a deceptive trade practice." *Id. (citing Notaro Homes, Inc. v. Chicago Title Ins.*, 722 N.E.2d 208, 217 (Ill. App. Ct. 1999) (in dismissing a consumer fraud act claim against a title insurer for that insurer's failure to disclose a zoning ordinance, the court noted that both parties "are presumed to be equally capable of knowing and interpreting the law")). Indeed, Old Republic's position is well-taken and certainly appealing at first glance. Parties are held to the terms of the contracts they execute and Ness Motley itself alleges in its SAC that it is a "high profile" law firm with a "national practice in all State and Federal Courts." Illinois decisions have been part of the nationwide reporting system for many years now. If Ness Motley is not bound to know and comprehend the terms and legal implications of the contracts it enters into, then it is hard to imagine

4

who is.

However, Ness Motley alleges that Old Republic did not "openly" take a position; rather, it alleges that Old Republic wrote the punitive damages provision, which expressly provides coverage for punitive damages, knowing that it would seek to circumvent any attempt to obtain coverage under that provision by arguing that Illinois law (the public policy of which appears not to allow insurance coverage for punitive damages resulting from one's own conduct) applied to the Policy. In support of its contention that Illinois permits a claim for fraud based on alleged misrepresentations regarding the extent or validity of insurance coverage, Ness Motley cites to *Glazewski v. Coronet Ins. Co.*, 483 N.E. 2d 1263, 1266 (Ill. 1985), among other cases.

In *Glazewski*, plaintiffs alleged claims of fraud arising from the sale of underinsured-motorist coverage, which they claimed had no value because of the way "underinsured" was then defined by statute. The court stated that "[w]e are of the opinion that the issuance of coverage by an insurance company in return for a premium is a tacit representation to the consumer that the coverage has value." *Id.* Accordingly, the court concluded that plaintiffs had adequately plead a claim for fraud.

Old Republic attempts to distinguish *Glazewski* on the ground that in *Glazweski*, the policy had no value, whereas here, the punitive damages coverage had *some* value because Illinois public policy does not preclude insurance coverage for punitive damages resulting from *respondeat superior* liability. Thus, Old Republic claims that had Ness Motley been liable in the Underlying Illinois Action under principles of *respondeat superior* rather than direct liability, Old Republic would have had to provide coverage and the Policies still could have had *some* value. The court is not convinced that this distinction makes a difference, particularly when it has already been determined that Ness Motley is directly liable for a punitive damages judgment in the Underlying

Illinois Action and, according to the parties, the punitive damages coverage in the Policies appears to have no value.

At the motion to dismiss stage, the court is simply addressing whether Ness Motley has stated a claim and not the merits of that claim, and the court must assume at this point that Ness Motley's allegations that the punitive damages coverage has no value are true.[2] The court, therefore, finds that it cannot conclude at this time that Ness Motley cannot state a claim for fraud as a matter of law. Accordingly, the court denies Old Republic's motion to dismiss Count II of the SAC on the ground that Ness Motley fails to allege a misrepresentation of fact.

Old Republic also argues that Counts II and III should be dismissed because promissory fraud is not a recognized cause of action. Promissory fraud is "a false representation of intent regarding future conduct, such as a promise to perform a contract when there is no actual intent to do so." *Houben v. Telular Corp.*, 231 F.3d 1066, 1074 (7th Cir. 2000). The Seventh Circuit has cautioned against transforming every breach of contract into a claim of fraud. *Wachovia Securities v. Neuhauser*, No. 04 C 3082, 2004 WL 2526390, at *10 (N.D. Ill. Nov. 5, 2004) (citing *Consolidation Services, Inc. v. KeyBank National Association*, 185 F.3d 817, 823 (7th Cir.1999); *Desnick v. American Broadcasting Cos.*, 44 F.3d 1345, 1354 (7th Cir.1995); *Association Benefit Services v. AdvancePCS*, No. 04 C 3271, 2004 WL 2101928 at *1 (N.D. Ill. 2004)). However, while promissory fraud claims are disfavored, promissory fraud is a recognized basis for a fraud

---

[2]Ness Motley alleges that "[t]here are presently pending before the Court motions by Old Republic directed to Ness Motley's Affirmative Defenses and Counterclaim. Ness Motley has argued that South Carolina law, not Illinois law, governs the Policies. . . . [i]n the event Old Republic prevails and Illinois law is deemed to govern, and is deemed to preclude coverage for punitive damages, Ness Motley will be deprived of the very coverage Old Republic promised to provide and for which Ness Motley paid year after year." SAC at ¶¶25-26. The court has already ruled on the motion to which Ness Motley refers – the court concluded that Illinois law applies.

6

claim. *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir.1992); *Association Benefit Services, Inc.*, No. 04 C 3271, 2004 WL 2101928, at *1. Accordingly, the court cannot conclude that Ness Motley is prohibited from asserting such a claim as it is a recognized cause of action, albeit with specific limitations.

Old Republic's next argument for dismissal stems from such a limitation. Specifically, promissory fraud claims may proceed only if they are alleged to be part of a scheme to defraud, that is, part of a pattern of fraudulent acts. *Wachovia Securities, LLC,* No. 04 C 3082, 2004 WL 2526390 at *10 (citing *Speakers of Sport, Inc. v.. ProServ, Inc*., 178 F.3d 862, 866 (7th Cir.1999); *Association Benefit Services, Inc.* No. 04 C 3271, 2004 WL 2101928 at *2). As noted by another court in the Northern District:

> What constitutes a 'scheme' is not entirely clear; as the Seventh Circuit has pointed out, '[s]ome cases suggest that the exception has swallowed the rule' against tort claims based on fraudulent promises." But the 'scheme' requirement must have some meaning, and the Seventh Circuit has interpreted it to permit a claim for promissory fraud only if it is 'particularly egregious' or if the fraud is 'embedded in a large pattern of deceptions or enticements.' Put another way, the fraudulent promise must be 'one element of a pattern of fraudulent acts.'

*Association Benefit*, No. 04 C 3271, 2004 WL 2101928, at *2 (citations omitted).

Ness Motley alleges in its SAC that "Old Republic's *repeated promises* to insure Ness Motley for punitive or exemplary damages were knowingly false, fraudulent, and deceptive, and were *part of a scheme to defraud Ness Motley*, in that Old Republic *never intended* to provide the punitive damages coverage promised in the Policies." SAC at ¶17 (emphasis added). Further, Ness Motley alleges that "it was *always part of Old Republic's undisclosed scheme* to defraud Ness Motley that, in the event of a claim for coverage under the Policies for punitive damages, Old Republic would claim that the Policies were governed by Illinois law and that Illinois law prohibited such coverage." *Id* (emphasis added). Ness Motley also alleges in several other

7

paragraphs that Old Republic had engaged in a "scheme to defraud"and that Ness Motley was "misled into believing that the risk of a punitive or exemplary damages award was within the Policies' scope of coverage."

Further, "[a] plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint." *Birch v. Jones*, 02 C 2094, 2003 WL 21210107, at *2 (N.D. Ill. May 21, 2003) (internal citations omitted). Indeed, "if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir.2001) (quoting *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir.1999)).

Here, Ness Motley asserts in its response brief that the deposition testimony of William Schwass, a senior vice-president of Old Republic's wholly owned subsidiary and agent for underwriting, Chicago Underwriting Group, supports its contentions as to Old Republic's alleged fraud. Ness Motley asserts that Schwass testified, among other things, that:

> (i) South Carolina state law required a specific endorsement insuring for punitive damages;
>
> (ii) the punitive damage endorsement in the Old Republic Policies tracked verbatim the endorsement of the primary policy and was a separate and conspicuous component of the policy;
>
> (iii) Schwass stated that he determined that the primary policy provided coverage for punitive damages and that Old Republic's excess policy conformed to what the primary policy said; and
>
> (iii) Schwass "regularly discussed with CUG's attorney and members of its claims department Old Republic's non-obligations to pay a punitive damage award and how Old Republic could invoke choice-of-law principles to insulate itself from liability for punitive damages under Illinois law."

Without admitting evidence of the actual deposition testimony of Mr. Schwass, but

construing it as hypothesized allegations consistent with the SAC, and considering the express allegations in the SAC noted above, the court concludes that Ness Motley, at this stage of the litigation, has adequately alleged a "scheme" for purposes of asserting a claim of promissory fraud in Illinois. *Association Benefit*, No. 04 C 3271, 2004 WL 2101928, at *1 (a "series of unfulfilled promises" can satisfy the scheme requirement) (citation omitted); *see also Asad v. Hartford Life Ins. Co.*, 116 F. Supp. 2d 960, 964 (N.D. Ill 2000) (allegation that "[d]efendant embarked on a nationwide scheme to maintain or increase premium income by encouraging its agents to engage in fraudulent sales practices" was sufficient to state "scheme" requirement for promissory fraud).[3]

Further, the cases cited by Old Republic in support of their position, *Hollymatic Corp. v. Holly Systems, Inc.*, 620 F. Supp. 1366 (N.D. Ill. 1985), *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345 (7th Cir. 1995), and *Clark v. Baird*, 142 F. Supp. 2d 1065 (N.D. Ill. 2001), are distinguishable. In *Hollymatic*, the court dismissed the promissory fraud claim because the alleged misrepresentations were implied and not, as here, express. *Hollymatic*, 620 F. Supp. at 1369 ("we find that the alleged representations at issue – the duties not to interfere and to make good faith efforts to sell the Conversion – are not expressly stated in the Agreement" and thus the court held that "the scheme or device exception is not met where the claimant alleges no more than an implied promise or representation as to the predicate fraud."). Further, the counterplaintiffs had

---

[3]Ness Motley asserts in its brief that the SAC "delineates the facts supporting the conclusion of a general scheme to defraud, over a several year period, Ness Motley and *all other insureds to whom Old Republic sold punitive damages coverage*, through a series of false promises that there was present coverage for punitive damages." Resp. at 11 (emphasis in Old Republic reply brief). Old Republic takes issue with the emphasized language and states that the SAC makes no such allegation. However, as the court has already noted, "if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville,* 266 F.3d at 732 (citation omitted). The allegations of fraud against other insureds are not inconsistent with the SAC, thus, they may be considered in addressing the motion to dismiss.

9

already been given an opportunity to amend their counterclaim and could not do so. Accordingly, the court found that "it is clear that [counterplaintiffs] can prove no set of facts that would entitle them to relief," and stated that one allegation that the misrepresentations were "the scheme used to accomplish a fraud" were insufficient to save the claim from dismissal. *Id.* at 1370. Ness Motley has made more than one cursory allegation which relates to an alleged express misrepresentation, not an implied one.

In *Desnick*, the court dismissed the claim because the alleged scheme ("to expose publicly any bad practices that the investigative team discovered") was not in and of itself fraudulent. *Desnick*, 44 F.3d at 1345-55. Here, however, Ness Motley has alleged a fraudulent scheme--that Old Republic expressly represented that it was providing punitive damages coverage to Ness Motley (and others) in order to induce Ness Motley to rely on that representation and pay for coverage that Old Republic knew is not permitted under Illinois law.

Finally, in *Clark*, the court dismissed the fraud claim because plaintiff had failed to point to any evidence of the defendants' intent. *Clark*, 142 F. Supp. 2d at 1074. Further, plaintiff could not show that the false promise to perform was the "scheme or artifice" used to deprive him of his money because he had already alleged that the fraud was the churning of his account and the transfer of money from his account. *Id*. Here, however, Ness Motley has alleged, through the allegations in the SAC and Schwass' testimony, that Old Republic intended to defraud Ness Motley and always contemplated that, if necessary, it would seek to evade providing coverage by arguing that Illinois law would apply. Thus, Old Republic's citation to these cases is not persuasive and the court declines to dismiss the promissory fraud claim.

Old Republic also contends that Ness Motley has failed to meet Rule 9(b)'s heightened pleading required for fraud. *All Printing Resources, Inc. v. Goodyear Canada, Inc.*, No. 97 C 6431,

10

1998 WL 564605, at *2 (N.D. Ill. Aug. 31, 1998) (Fed. R. Civ. P. 9(b) requires all fraud claims to be plead with particularity). "While Rule 9(b) does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *All Printing*, No. 97 C 6431, 1998 WL 564605, at *2 (citation omitted). *See also Association Benefit*, No. 04 C 3271, 2004 WL 2101928, at *1.

Ness Motley argues that it has adequately pled the who (Old Republic), what ("selling illusory coverage for punitive damages and concealing the truth"); when (1995-2002); and where (South Carolina and Illinois). However, in a case relied upon by Ness Motley, *Asad,* 116 F. Supp. 2d at 963 (N.D. Ill. 2000), the court granted defendant's motion to dismiss for failure to plead fraud with particularity because "Illinois" was not specific enough as to place, plaintiff failed to state to whom the representations were made, and plaintiff did not state who made the representations. *See also All Printing Resources*, No. 97 C 6431, 1998 WL 564605, at *3 (concluding that plaintiff had met the requirement of Rule 9(b) because it stated the person who made the misrepresentations, the month and year of the misrepresentations, and the actual place (i.e, at the Holiday Inn in Kent, Ohio)). Similarly, Ness Motley has failed to provide the specific place where the representations were made, to whom they were made and by whom they were made.

Even considering the additional allegations in Ness Motley's brief related to Mr. Schwass' testimony, the court concludes that Ness Motley's allegations fall short of properly pleading fraud. Neither the SAC nor the assertions in the brief state to whom the alleged misrepresentations were made or anything other than the general location in which they were allegedly made. Ness Motley has failed to properly plead fraud under Rule 9(b).

C. *Count IV (Breach of Contract/Breach of Duty of Good Faith and Fair Dealing)*

Old Republic argues that Count IV should be dismissed with prejudice because (1) there is no independent cause of action for such a breach and (2) even if there were, the only method by which Ness Motley could recover for alleged bad faith by an insurance carrier is under Section 155 of the Illinois Insurance Code and this court has already held that this is not a bad faith case.

Ness Motley concedes in its response that "Illinois . . . does not recognize a stand-alone claim for breach of the covenant [of good faith and fair dealing]." It contends, however, that Count IV is a combination claim of breach of contract and breach of the duty of good faith and fair dealing which duty is read into every contract in Illinois.

Count I of the SAC, however, already asserts a claim for breach of contract. As to the breach of the covenant of good faith and fair dealing portion of Count IV, Ness Motley, recognizing that such claims are preempted by the Illinois Insurance Code, 215 ILCS 5/155, *see Cramer v. Insurance Exchange Agency*, 675 N.E.2d 897, 903-04 (Ill. 1996), appears to argue that this count is actually a claim for vexatious and unreasonable conduct under Section 155.

Old Republic argues that even construed as a Section 155 claim, this court has already held that a *bona fide* dispute regarding coverage exists under the policy, thus precluding a Section 155 claim of vexatious and unreasonable conduct. Specifically, in its June 22, 2004 Memorandum and Order, the court granted Old Republic's motion to dismiss the Richardson Patrick defendants' claims of breach of the duty of good faith and fair dealing and bad faith as they were preempted by Section 155. This court further held that even if the counts had been properly pled pursuant to Section 155, the Richardson Patrick defendants "would not be able to establish that Old Republic's conduct was 'vexatious and unreasonable' because there is a bona fide dispute concerning the scope and application of coverage in this matter." Thus, the court dismissed those counts with prejudice.

12

The court concludes that Count IV of Ness Motley's SAC must be dismissed with prejudice for the same reason.

## IV.  CONCLUSION

For the foregoing reasons, Old Republic's Motion to Dismiss is granted in part and denied in part. Ness Motley is granted leave to replead its fraud claims pursuant to the requirements of Rule 9(b).


**ENTER:**

                /s/ Blanche M. Manning
                Blanche M. Manning
                United States District Judge


**DATE: April 12, 2005**